**Robert Guy BAKER, Petitioner–Appellant,**

v.

**Matthew C. KRAMER, Respondent–Appellee.**

**No. 11–15004.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2013.

Filed Nov. 27, 2013.

Robert Guy Baker, Represa, CA, pro se.

Christopher Joseph Wei, Deputy Attorney General, AGCA–Office of the California Attorney General, Oakland, CA, for Respondent–Appellee.

Before: REINHARDT, NOONAN, and WATFORD, Circuit Judges.

## MEMORANDUM *

Petitioner Robert Baker seeks habeas relief on the ground that the admission of Lopez's in-court identification violated his due process rights. Baker procedurally defaulted this claim in state court, and he must therefore show cause and prejudice to excuse the default. He attempts to do so by asserting a claim of ineffective assistance of counsel, which requires him to show both deficient performance by counsel and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). On direct appeal, the California Court of Appeal held that, even if Baker's counsel rendered deficient performance, Baker has not shown prejudice.

We cannot say that the state court's no-prejudice determination represents an unreasonable application of *Strickland. See* 28 U.S.C. § 2254(d)(1); *Walker v. Martel,* 709 F.3d 925, 944 (9th Cir.2013). The prosecutor expressly told the jury during closing arguments not to rely on Lopez's in-court identification because it was unreliable. Moreover, the jury heard testimony from three other witnesses who directly

* This disposition is not appropriate for publication and is not precedent except as provided

or by implication identified Baker as the shooter, which was sufficient standing alone to support Baker's conviction. To be sure, the credibility of each of these witnesses was challenged at trial. But the California Court of Appeal could reasonably conclude that Lopez's in-court identification was not the difference-maker in this case.

**AFFIRMED.**